Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE LAS PIEDRAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400087<br><br>Consolidado con | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.: SJ2020CV01549<br><br>Sobre:<br>Sentencia Declaratoria |
| ************************** | | ************************** |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE HUMACAO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO | KLCE202400097 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01252<br><br>Sobre:<br><br>Sentencia Declaratoria |
| ************************** | | ************************** |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE CAGUAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400098 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br><br>Caso Núm. SJ2020CV01234<br><br><br>Sobre:<br><br>Sentencia Declaratoria |
| ************************** | | ************************** |
| COBRA ACQUISITIONS, LLC<br><br>Peticionario | KLCE202400117 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN |

Número Identificador

SEN2024 _____

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

2

| | | |
|---|---|---|
| v.<br><br>MUNICIPIO DE UTUADO SR. JORGE PÉREZ HEREDIA<br><br>Recurrida | | Caso Núm. SJ2020CV03931<br><br>Sobre:<br><br>Sentencia Declaratoria |
| ****************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE ARROYO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400118 | ****************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01121<br><br>Sobre:<br>Sentencia Declaratoria |
| ****************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYAMA, AUTORIDAD DE ENERGÍA ELÉCTRICA<br><br>Recurrida | KLCE202400119 | ****************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2019CV08847<br><br>Sobre:<br>Arbitrios de Construcción |
| ****************************<br>MUNICIPIO DE CEIBA<br><br>Recurrida<br><br>v.<br><br><br><br>COBRA ACQUISITIONS, LLC; COMPAÑÍA XYZ<br><br>Peticionario<br><br>**************************** | KLCE202400121 | ****************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01325<br><br>Sobre:<br><br>Arbitrios de Construcción, Patentes Municipales<br><br>**************************** |

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

3

| | | |
|---|---|---|
| COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE GURABO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400122 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2022CV00038<br><br>Sobre:<br><br>Sentencia Declaratoria, Arbitrios de Construcción, Patentes Municipales |
| **************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYNABO, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400123 | **************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2021CV02278<br><br><br><br>Sobre:<br><br>Sentencia Declaratoria |
| **************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE YABUCOA, AUTORIDAD DE ENERGÍA ELÉCTRICA<br><br>Recurrida | KLCE202400128 | **************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2019CV08733<br><br>Sobre:<br>Arbitrios de Construcción |
| **************************<br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v. | KLCE202400129 | **************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01135 |

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

4

| | | |
|---|---|---|
| MUNICIPIO DE SALINAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida<br><br>**************************<br><br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE CAYEY, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida<br><br>**************************<br><br>COBRA ACQUISITIONS, LLC<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE PATILLAS, AUTORIDAD DE ENERGÍA ELÉCTRICA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br><br>Recurrida | KLCE202400130<br><br><br><br><br><br><br><br><br>KLCE202400131 | Sobre:<br><br>Sentencia Declaratoria<br><br><br><br>**************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2019CV12938<br><br><br><br>Sobre:<br>Sentencia Declaratoria<br><br><br><br>**************************<br>*Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm. SJ2020CV01140<br><br>Sobre:<br><br>Sentencia Declaratoria |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de febrero de 2024.

El 22 de enero de 2024, COBRA Acquisitions, LLC (en adelante, COBRA o la parte peticionaria) presentó ante este Tribunal de Apelaciones la *Petición de certiorari* **KLCE202400087** en la que nos solicitó la revocación

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

5

de la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan el 8 de enero de 2024. En este dictamen, el Honorable Juez Andrés Ramírez Marcano (en adelante, Juez Ramírez Marcano) atendió la *Solicitud de recusación del Hon. Andrés M. Ramírez Marcano* sometida por la parte peticionaria.

Posteriormente, específicamente, el 2 de febrero de 2024, el Municipio Autónomo de Las Piedras presentó una *Moción informativa sobre solicitud de consolidación de peticiones de certiorari* en la que informó que en los recursos **KLCE202400098** y **KLCE202400097**, presentados por COBRA en la misma fecha que el de epígrafe, las partes recurridas solicitaron la consolidación de estos recursos con el de autos. En esa misma fecha, COBRA presentó *Oposición a solicitud de consolidación.*

Por su parte, el 5 de febrero de 2024, el Municipio de Yabucoa sometió escrito en el que señala que sobre la misma controversia que hoy atendemos, COBRA tiene presentado ante este Tribunal de Apelaciones catorce (14) recursos de *certiorari*.[1] Luego, y citando la Regla 80.1 de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 80.1, nos solicita que consolidemos estos con el de epígrafe, por ser este el de más antigüedad. Al día siguiente, COBRA sometió su *Oposición a solicitud de consolidación de un tercero ajeno al pleito.*

Cabe señalar que, en algunos de los recursos instados por COBRA, los paneles a los que fueron asignados ordenaron la devolución de los expedientes a la Secretaría del Tribunal de Apelaciones para el trámite de consolidación de los recursos con el KLCE202400087. Así, surge de las resoluciones emitidas el 16 de febrero de 2024, en los casos **KLCE202400121**, **KLCE202400122** y **KLCE202400131**. También, de aquella emitida el 20 de

---

[1] Así, nos informa que con relación a varias determinaciones interlocutorias parecidas a la de autos, COBRA instó los siguientes recursos: KLCE202400064, KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

6

febrero de 2024, en el caso **KLCE202400098** y otra expedida el 21 de febrero de 2024, en el caso **KLCE202400118**. El 21 de febrero del año en curso, COBRA solicitó la reconsideración de este trámite en cada uno de los casos antes mencionados.[2]

El 22 de febrero de este año, el Municipio de Guaynabo en el caso KLCE202400123 instó una *Urgente moción relacionada con varios asuntos*. El 23 de febrero de 2024, COBRA reaccionó a dicho escrito sometiendo *Moción in limine*, mientras que el Municipio de Guaynabo se opuso a esta el 26 de febrero de este año. En cuanto a la *Urgente moción relacionada con varios asuntos* sometida por el Municipio, así como posteriores escritos sobre el mismo asunto: **nada que proveer**. Sobre los demás escritos, a tenor con la Regla 80.1 de nuestro Reglamento, *supra,* resolvemos consolidar trece (13) de los catorce (14) recursos sometidos por COBRA. Por tanto, se ordena la consolidación de los recursos **KLCE202400097**, **KLCE202400098**, **KLCE202400117**, **KLCE202400118**, **KLCE202400119**, **KLCE202400121**, **LCE202400122**, **KLCE202400123**, **KLCE202400128**, **KLCE202400129**, **KLCE202400130**, y **KLCE202400131** con el de mayor antigüedad; o sea, el **KLCE202400087**.[3]

Así resuelto, y examinados los distintos planteamientos levantados en los legajos apelativos consolidados, por las razones que a continuación expondremos resolvemos **expedir** el auto de *certiorari* solicitado y **revocar** las determinaciones recurridas.

I

En cuanto a los hechos procesales de los pleitos consolidados, para atender la controversia que cada uno de ellos nos invita a resolver es

---

[2] Dado que en el día de hoy se resuelve en favor de la consolidación de los distintos recursos, declaramos **No Ha Lugar** las distintas mociones de reconsideración sometidas por COBRA el 21 de febrero de 2024 en los casos KLCE202400121, KLCE202400122, KLCE202400131, KLCE202400098 y KLCE202400118.

[3] No obstante, de los recursos instados, y bajo la discreción que tenemos para atender la consolidación de casos, rechazamos consolidar el recurso KLCE202400064.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

7

importante saber que, en doce (12) de ellos, COBRA instó una *Demanda* sobre sentencia declaratoria en la que peticionó al tribunal que se resolviera que los respectivos municipios demandados carecen de autoridad legal para imponerle arbitrios de construcción por esta ser contratista de la Autoridad de Energía Eléctrica (en adelante, AEE).[4] El decimotercero de estos, trata sobre una *Demanda* en cobro de dinero por arbitrios de construcción que el Municipio de Ceiba instó contra COBRA en el caso *Municipio de Ceiba v. COBRA y otros*, Civil Número SJ2020CV01325.

Así las cosas, la parte peticionaria presentó en cada uno de los pleitos consolidados de epígrafe una *Solicitud de recusación del Honorable Andrés M. Ramírez Marcano* en la que señaló que sus abogados le representan legalmente en distintos pleitos activos presididos por el Juez Ramírez Marcano. Asimismo, indicó en sus escritos que en un pleito paralelo- *COBRA v. Municipio de Gurabo y otros;* Civil Núm. SJ2022CV00038- el Juez Ramírez Marcano allá para el año 2022 emitió una *Resolución* en la que hizo unas expresiones que adelantan su criterio en cuanto a los méritos de la reclamación que estaba llamado a atender en este caso. A continuación, transcribimos las señaladas expresiones:

> Se aclara que contrario a lo que propone COBRA en su Oposición (SUMAC 26), el lenguaje incluido por la Asamblea Legislativa en el Artículo 2.007(F) de la Ley de Municipios Autónomos, 21 LPRA sec. 4057(F)- (Exenciones), de manera expresa establece que la exención provista a las agencias, corporaciones públicas e instrumentalidades del gobierno central (entre ellas la A.E.E.) no se extiende, ni aplica, a las obras de construcción llevadas a cabo por una persona natural o jurídica privada que actúe en representación, o a favor, o por contrato o subcontrato suscrito con una agencia,

---

[4] El 20 de febrero de 2020 se radicó la *Demanda* en el caso *COBRA v. Municipio de Las Piedras, y otros*; Civil Núm. SJ2020CV01549. El 12 de febrero de 2020, COBRA instó el caso *COBRA v. Municipio de Humacao y otros*, Civil Núm. SJ23020CV01252. Ese día, también presentó el caso *COBRA v. Municipio de Caguas y otros*, Civil Núm. SJ2020CV01234. El 27 de julio de 2020, se sometió el caso *COBRA v. Municipio de Utuado y otros*, Civil Núm. SJ2020CV03931; el 10 de febrero de 2020 el caso *COBRA v. Municipio de Arroyo y otros*, Civil Núm. SJ2020CV01121; el 30 de agosto de 2019 el pleito *COBRA v. Municipio de Guayama y otros*, Civil Núm. SJ2019CV08847; y el 4 de febrero de 2022 el caso *COBRA v. Municipio de Gurabo y otros*, Civil Núm. SJ2022CV00038. En adición, el 14 de abril de 2021 se presentó el caso *COBRA v. Municipio de Guaynabo y otros*, Civil Núm. SJ2021CV02278; el 26 de agosto de 2019 el caso *COBRA v Municipio de Yabucoa y otros*, Civil Núm. SJ2019CV08733; el 10 de febrero de 2020 el caso *COBRA v. Municipio de Salinas y otros*, Civil Núm. SJ2020CV01135; el 16 de diciembre de 2019, el caso *COBRA v. Municipio de Cayey y otros*, Civil Núm. SJ2019CV12938 y el 10 de febrero de 2020, el caso *COBRA v. Municipio de Patillas y otros*, Civil Núm. SJ2020CV01140.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

8

corporación pública o instrumentalidad del gobierno central o municipal.

De igual manera, se aclara que las exenciones a las que hace referencia COBRA en su oposición (SUMAC 26), se refieren a exenciones expresamente establecidas por la asamblea legislativa. Al examinar el caso *Interior Developers v. Municipio de San Juan*, 177 D.P.R. 693 (2009), pudimos percatarnos de que, en dicha ocasión, el Tribunal extendió la exención al contratista por razón de que las obras de construcción se realizaron para beneficio y bajo contrato, con la Rama Legislativa; y el Artículo 1.0003(R) de la Ley de Municipios Autónomos, 21 LPRA sec. 40001(R), expresamente excluye a la Rama Legislativa de la definición de "Gobierno Central".

Por su parte, al examinar el caso de *Cooperativa de Ahorro y Crédito de Rincón v. Municipio de Mayagüez*, 200 D.P.R. 546 (2018), pudimos percatarnos de que este fue resuelto al amparo de la exención contributiva que concedió el legislador a las cooperativas mediante el Artículo 6.08(A)(3). Dicho estatuto (Ley de Cooperativas), mediante el cual la Asamblea Legislativa expresamente eximió del pago de arbitrios de construcción a las entidades que hacen obras de construcción a favor, en representación, o bajo contrato o subcontrato con una cooperativa. No aplica a los hechos presentados por COBRA ante este Tribunal.

En sus distintos escritos, COBRA indicó que mediante estas expresiones el Juez Ramírez Marcano, no solo prejuzgó la controversia, sino que contrario a la obligación que el Canon 35 de Ética Profesional establece a los abogados y abogadas y jueces y juezas, distorsionó las citas jurídicas allí incluidas. De igual manera, relató el desarrollo procesal de su petición de recusación, indicó que, en un pleito distinto, el Juez Ramírez Marcano resolvió que la exención contributiva establecida en la ley habilitadora de la AEE no se extendía a un contratista que realizaba trabajos de construcción para dicha corporación pública. COBRA informó que esta decisión fue revocada por un Panel hermano de este Tribunal de Apelaciones y que, tras haber sometido en el presente caso un escrito en el que solicitó se tomara conocimiento judicial de este hecho, el Juez Ramírez Marcano emitió un dictamen en el que le imputó a sus abogados haber cometido violaciones éticas. Similar acción le imputó al Juez Ramírez Marcano en al menos dos pleitos adicionales. Por todo esto, la parte peticionaria reclamó en su escrito que procedía la recusación inmediata del Juez Ramírez Marcano.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

9

En torno a las distintas solicitudes de inhibición, el TPI emitió las resoluciones recurridas. En cada una de estas, el Juez Ramírez Marcano manifestó lo siguiente:

Conforme surge de la nota al calce número 7 de la Solicitud de Recusación del Hon. Andrés M. Ramírez Marcano tanto la parte demandante, como sus representantes legales, conocían la alegada causa sobre la cual fundamentan su solicitud desde, al menos, el 25 de septiembre de 2023. En su consecuencia, al presentar su Solicitud de Recusación el 5 de enero de 2024 (sobre 100 días más tarde), dicha parte incumplió con el requisito de 20 días que impone la Regla 63.2 (a) de Procedimiento Civil; a saber:

(a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso. (Énfasis nuestro.)

Como resultado de lo anterior, y conforme lo provee expresamente la citada Regla 63.2 (a) de Procedimiento Civil, el Juez que aquí suscribe podrá continuar con los procedimientos del presente caso – sin necesidad de abstenerse, ni de remitir los autos del caso a la Jueza Administradora del Tribunal de San Juan.

Para la pureza de los procedimientos se hace constar que, a solicitud de las partes que han comparecido en diversos casos en los cuales COBRA peticiona que este Tribunal declare que esta no tiene obligación de pagar patentes municipales y/o arbitrios de construcción y/o ambas, y en virtud de la Regla 202 de Evidencia, el Juez que aquí suscribe ha tomado conocimiento judicial de la Sentencia que fuera emitida por un panel del Tribunal de Apelaciones en el caso de Lord Construction, KLAN2023-00577; y de dos (2) Sentencias emitidas por otros paneles del Tribunal de Apelaciones en el caso de Municipio de Maunabo v. COBRA, KLAN202300022 y KLAN202000146, las cuales son de naturaleza persuasiva. Sin embargo, conforme lo establece el Canon 9 de Ética Judicial, el Juez que aquí suscribe viene obligado a resolver las controversias presentadas en el presente caso fundamentándose en su propia evaluación de la prueba presentada.

En torno a la imputación que se hace en contra del Juez que aquí suscribe – al amparo del Canon 35 de Ética Profesional, resulta necesario aclarar que, en los Artículos 1.003 (a) y (r) de la entonces vigente Ley de Municipios Autónomos, 21 L.P.R.A. § 4001 (a) y (r), la Asamblea Legislativa incluyó, de manera expresa, a las corporaciones públicas y sus subsidiarias bajo la definición de "Agencia Pública"; e incluyó expresamente a las "Agencias Públicas" bajo la definición de "Gobierno Central" – con exclusión específica de la Rama Legislativa y la Rama Judicial. Lo anterior no constituye una interpretación y/o tergiversación del Juez que aquí suscribe, sino un hecho de fácil corroboración bajo la Regla 202 de Evidencia.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

10

En desacuerdo con lo resuelto, COBRA acudió ante este Tribunal de Apelaciones en los recursos consolidados de epígrafe y en cada uno de ellos arguyó que el Juez Ramírez Marcano cometió grave error y abusó de su discreción y poder al negarse a referir a la Jueza Administradora del Tribunal de Primera Instancia de San Juan, la solicitud de recusación que sometió en su contra. Habiéndose concedido término en estos, las partes recurridas comparecieron a oponerse a la expedición del recurso, por lo que damos por sometido el asunto y procedemos a resolver.

II

-*A*-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. McNeil Healthcare v. Mun. Las Piedras I, *supra*; Scotiabank v. ZAF Corp et al., 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

11

denegatoria de una moción de carácter dispositivo." 800 Ponce de León v. AIG, *supra*. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." McNeil Healthcare v. Mun. Las Piedras I, *supra*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. McNeil Healthcare v. Mun. Las Piedras I, *supra*, a la pág. 404; 800 Ponce de León v. AIG, *supra*. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[5] Estos, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." Scotiabank v. ZAF Corp. et al., *supra*, págs. 486-487; Mun. de Caguas v. JRO Construction, *supra*.

*-B-*

---

[5] Estos son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

12

La inhibición y recusación de un juez o jueza está regulada por los Cánones de Ética Judicial[6] y las Reglas 63.1 y 63.2 de Procedimiento Civil.[7] Sobre esto, la Regla 63.1 de Procedimiento Civil, *supra*, establece que un juez deberá inhibirse, a iniciativa propio o a recusación de parte, por cualquiera de las siguientes razones:

> (a) Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;
> (b) por tener interés personal o económico en el resultado del caso;
> (c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;
> (d) por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;
> (e) por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;
> (f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;
> (g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;
> (h) cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;
> (i) cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o
> (j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

(Énfasis suplido)

De otra parte, la Regla 63.2 dispone cómo se perfeccionará la solicitud de inhibición o recusación y el procedimiento para ello. En lo referente, esta señala:

> **(a)** Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la

---

[6] 4 LPRA Ap. IV-B.
[7] 32 LPRA Ap. V, R. 63.1 y 63.2.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

13

prueba documental y declaraciones juradas en apoyo a la solicitud. **Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.** (Énfasis nuestro)

(b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

**(c) Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.** (Énfasis suplido)

(d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación.

Alguna de las causas para solicitar la recusación de un juez o una jueza reconocidas en la regla, nacen de situaciones particulares entre el magistrado y una parte que pueden suscitar algún tipo de preferencia o prejuicio a favor o en contra de alguna de las partes involucradas en el pleito. Conjuntamente, la Regla 63.1 anticipa la posibilidad de que el juez o la jueza haya prejuzgado la controversia. O sea, que sus visiones personales controlen la adjudicación del caso, independientemente de la evidencia que se le presente y del derecho aplicable. Dávila Nieves v. Meléndez Marín, 187 DPR 750 (2013).

La recusación de un juez o una jueza no es una sanción disciplinaria. Sin embargo, un juez o una jueza que actúa con pasión, prejuicio o parcialidad puede incurrir también en una violación a sus deberes éticos. *Íd*. Así lo reconoce el Canon 20 de Ética Judicial al disponer que las juezas y los jueces deben abstenerse de adjudicar, entre otros, aquellos casos en los que tengan "prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

14

prejuzgado el caso". La obligación de abstenerse de intervenir en un caso en esas circunstancias responde al deber ético de imparcialidad. <u>Dávila Nieves v. Meléndez Marín</u>, *supra*, al citar a <u>In re Grau Acosta</u>, 172 DPR 159 (2007). Tal deber requiere a todos los integrantes de la Judicatura, no solo una conducta efectivamente imparcial, "sino además la exclusión de toda posible apariencia de parcialidad". *Íd.*

III

Tal cual indicamos al exponer los hechos procesales, mediante la presentación de los recursos consolidados de epígrafe se impugna la determinación del Juez Ramírez Marcano de atender *motu proprio* la solicitud de inhibición sometida en el caso por COBRA en los distintos pleitos detallados en la nota al calce número 3 y negarse a someter el asunto ante la Jueza Administradora del Tribunal de San Juan. Así, en estos se señala que el Juez se aferró al término de veinte (20) días para desplazar la inhibición solicitada por COBRA, y no referir, tal cual estaba obligado a hacer a referir el asunto.

Las partes recurridas, por su parte, mediante sus respectivas comparecencias, insinúan que las solicitudes de recusación sometidas por COBRA en los casos persiguen mediante la utilización de esta herramienta sustituir al Juez Ramírez Marcano por el mero hecho de entender que no le es favorable a su causa o con miras a dilatar los procesos. Es más, en algunos señalan que tal solicitud busca evitar que el Juez resuelva ciertos asuntos sobre consignación de fondos.[8]

Es correcto- como señaló el Hon. Juez Ramírez Marcano en su *Resolución*- que la petición de inhibición fue sometida vencidos los veinte (20) días desde que COBRA advino en conocimiento de la causa bajo la cual fundamentó su solicitud. Igual de acertado es que, conforme dicta el propio

---

[8] Véanse las distintas oposiciones a la solicitud de *certiorari* sometida por los Municipios peticionarios.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

15

lenguaje de la Regla 63 de Procedimiento Civil, *supra,* cuando la parte promovente incumple con el antes mencionado término el juez o la jueza puede continuar con los procedimientos del caso. No obstante, cuando se solicite la inhibición de un juez **y éste rehúse inhibirse**, el asunto **deberá** referirse al Juez Administrador para que éste asigne otro juez o jueza para que tenga la encomienda de determinar si procede la inhibición solicitada. <u>Abrams Rivera v. ELA</u>, 178 DPR 914 (2010). (Énfasis nuestro).

Aun cuando el lenguaje de la Regla 63.2 de Procedimiento Civil, *supra,* no exige que un juez ante quien se someta una recusación tenga que paralizar los procedimientos del caso, el mismo no le reconoce la misma discreción para determinar si refiere o no el asunto a la Jueza o Juez Administrador. Nótese que el inciso (c) de la mencionada regla es claro en cuanto a qué acción debe tomar el juez o jueza de concluir que no procede su inhibición. Esta, sin lugar a dudas, le obliga a- en estos casos- referir el asunto al Juez Administrador o la Jueza Administradora para que remita el asunto de la recusación a un juez o jueza del tribunal.[9]

IV

En virtud de los fundamentos antes expuestos, resolvemos expedir los recursos de *certiorari* consolidados y **revocar** las resoluciones recurridas. Se ordena además que se eleve a la atención de la Jueza Administradora, Honorable Laura Liz López Roche, cada una de las peticiones de recusación sometidas por COBRA para el fiel cumplimiento con las disposiciones de la Regla 63.2(c) de Procedimiento Civil, *supra,* antes citadas, conforme lo aquí resuelto.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

---

[9] Véase Regla 63.2(c) de Procedimiento Civil, *supra*.

KLCE202400087 cons. KLCE202400097, KLCE202400098, KLCE202400117, KLCE202400118, KLCE202400119, KLCE202400121, KLCE202400122, KLCE202400123, KLCE202400128, KLCE202400129, KLCE202400130, y KLCE202400131

16



Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones